**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AARON LANCE LEITH, | ) |
| Petitioner, | ) ) ) |
| vs. | )   Case No.  CIV-12-424-D ) |
| STATE OF OKLAHOMA, et al., | ) ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings pursuant to § 636(b)(1)(B) and (C).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.

**The Petition**

Petitioner states that he is challenging a September 21, 2011, conviction in Case No. CF-2010-680, in the District Court of Kay County.  Petition, sequential p. 1.  He further states that he has appealed from the judgment of conviction to the Oklahoma Court of Criminal Appeals ("OCCA").  *Id.* at sequential p. 2.  The Oklahoma State Court Network, Docket No. F-2011-896, reflects that on October 5, 2011, Petitioner filed a notice of intent to appeal his conviction in Case No. CF-2010-680 with the OCCA.  Petitioner describes the result of this appeal as "still pending,"  Petition, sequential p. 2, a fact that is confirmed by

the most recent entry in No. F-2011-896 which reflects that Petitioner's brief-in-chief was filed only two weeks ago.

**Procedural Posture**

In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition was promptly examined and because it appeared – based on his statement that his appeal was still pending – that Petitioner could not have completed the process of exhausting his State court remedies, he was directed to show cause why this action should not be summarily dismissed for failure to exhaust those remedies. Order, Doc. No. 6. Petitioner's response to the show cause order was a letter filed on May 7, 2012. Letter, Doc. No. 7. After consideration of the same and for the reasons stated herein, it is recommended that the petition be dismissed without prejudice.

**Analysis**

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available to the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004). This exhaustion requirement reflects the policies of comity and federalism between the state and federal governments and recognizes that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation omitted).

In this circuit, a habeas petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper,* 967 F.2d 392, 398 (10th Cir. 1992). *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). In this regard, Petitioner bears the burden of showing that his State court remedies have been exhausted. *Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995). Exceptions to the exhaustion requirement have been recognized (1) where recourse to the state courts would be futile, *Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991) ("[E]xhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition."); (2) "where the claim has been presented as of right but ignored (and therefore impliedly rejected)," *Castille v. Peoples*, 489 U.S. 346, 351 (1989); and (3) where a petitioner's claims are procedurally barred under state law, *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In addition, in *Harris v. Champion*, 938 F.2d 1062, 1064 (10th Cir. 1991), the Tenth Circuit recognized that exhaustion of state court remedies is excused where circumstances exist causing the remedial process to be "ineffective to protect the rights of the prisoner" due to excessive delay.

Petitioner makes no claim in his letter response to the show cause order that he has

exhausted his State court remedies. Rather, he states that he did not "understand about using all my state remedies" and confirms that his appellate brief was only due to be filed the following day. Petitioner makes no showing of how he is precluded from asserting his claims through the State process before, if necessary, seeking habeas relief in federal court. Neither has Petitioner directed the court to an exception to the exhaustion requirement.

Petitioner has neither exhausted his State court remedies nor shown that he is precluded from presenting his constitutional claims through the State process and, accordingly, the petition should be dismissed without prejudice due to Plaintiff's failure to exhaust State court remedies.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 4, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 15th day of May, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE